UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MELVIN R. LYTTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00268-WTL-DLP |
| | ) | |
| J.E. KRUEGER WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition and Directing Entry of Final Judgment**

Melvin R. Lyttle seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

**I.**

In 2009, Mr. Lyttle was convicted in the United States District Court for the Western District of New York of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, fraud and swindles in violation of 18 U.S.C. §§ 1341 and 2, fraud by wire, radio, or television in violation of 18 U.S.C. §§ 1343 and 2, money laundering in violation of 18 U.S.C. § 1956(h), and money laundering – interstate commerce in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. *United States v. Eldridge et al.*, 6:05-cr-06116-CJS-2, Dkt. No. 421 (W.D.N.Y. Sept. 16, 2009). He was sentenced to a term of 168 months. His conviction and sentence were affirmed on appeal. *United States v. Lyttle*, 455 Fed. Appx. 61 (2d Cir. 2012). On appeal, Mr. Lyttle argued, among other things, that the district court erred in failing to dismiss the indictment as time-barred. *See id.* at 65.

On May 23, 2013, Mr. Lyttle filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the Western District of New York, which was denied. *United States v. Eldridge et al.*, 6:05-cr-06116-

CJS-2, Dkt. No. 555 (W.D.N.Y. Mar. 19, 2015). The district court rejected Mr. Lyttle's arguments, including that the statute of limitations precluded the indictment. *Id.* at 28 ("In essence, Lyttle is re-arguing the statute of limitations issue he raised on direct appeal…This issue need not be further addressed."); *see also id.* at 32-33 (dismissing Mr. Lyttle's argument that the government's motion to suspend the statute of limitations was filed in bad faith). The Second Circuit denied his request for a certificate of appealability because Mr. Lyttle failed to make a "substantial showing of the denial of a constitutional right." *United States v. Lyttle*, No. 15-1313 (2d Cir. Oct. 13, 2015) (unpublished).

On May 5, 2016, Mr. Lyttle filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court arguing, amongst other things, that his indictment was time-barred. *See Lyttle v. Daniels*, No. 2:16-cv-000154-JMS-MJD, Dkt. No. 1, 44-47 (S.D. Ind. May 5, 2016). The Court denied his petition on August 1, 2016. *Lyttle v. Daniels*, No. 2:16-cv-000154-JMS-MJD, Dkt. No. 15. The Seventh Circuit affirmed the district court's judgment. *See Lyttle v. United States*, No. 16-3483 (7th Cir. Jan. 31, 2017).

Mr. Lyttle now files yet another § 2241 petition challenging, as in the prior habeas action and his direct appeals, the lawfulness of his conviction. He focuses his current petition solely on the contention that his indictment was time-barred. *See* Dkt. No. 1.

## II.

To proceed under § 2241 after having filed a motion pursuant to 28 U.S.C. § 2255, the § 2255 motion must have been "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule

must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998)). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman – Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

The savings clause of § 2255(e) does not give Mr. Lyttle a further bite at the post-conviction relief apple. Mr. Lyttle fails to present anything new in his latest habeas petition. Because he fails to identify any new rule that was previously unavailable and that applies retroactively, his claims fail to meet the criteria necessary to proceed under § 2241. Indeed, all of his claim could have been, and in fact has already been, brought on direct appeal, through a § 2255 motion, and through a § 2241 petition. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

Accordingly, the petitioner's § 2241 petition is **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Entry shall issue.

**IT IS SO ORDERED.**

Date: 7/27/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MELVIN R. LYTTLE
07962-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel